JACK T. SANDS, PETITIONER-RESPONDENT, v. BOARD OF EXAMINERS OF ELECTRICAL CONTRACTORS, RESPONDENT-APPELLANT.

Argued September 13, 1966—Decided July 17, 1969.

*Mr. Richard Newman,* Deputy Attorney General, argued the cause for respondent-appellant (*Mr. Arthur J. Sills,* Attorney General of New Jersey, attorney; *Mr. Newman,* of counsel).

*Mr. Morton I. Greenberg* argued the cause for petitioner-respondent.

PER CURIAM. Petitioner is a builder and electrician who, for some years prior to July 1, 1963, had constructed homes for ultimate sale on lots owned by him in Cape May County. He performed all the electrical work and most of the other work himself. On the date mentioned the Electrical Contractors Licensing Act of 1962, *N. J. S. A.* 45:5A–1 *et seq.,* became effective. The statute provided, *N. J. S. A.* 45:5A–9, that thereafter "no person shall enter into, engage in or work in business as an electrical contractor for hire" unless such person has secured a business permit and an individual actively engaged in the business has obtained a license from the State Board of Examiners of Electrical Contractors, either by passing an examination or by virtue of the "grandfather" clause (*N. J. S. A.* 45:5A–10). The business permit issued automatically when the individual had obtained a license. "Electrical contractor" was defined as "a person [including an individual, firm, corporation or other legal entity] who engages in the business of contracting to install, erect, repair or alter electrical equipment for the generation, transmission or utilization of electrical energy". *N. J. S. A.* 45:5A–2 (d).

Petitioner did not obtain a license before July 1, 1963, and an electrical inspector for the underwriters declined,

on that ground, to inspect electrical work performed on a house which had been commenced prior thereto. Such inspection was necessary before the local public utility would "tie in" service. He thereupon sought a ruling from the Board of Examiners. After a hearing the Board held that the statute did not apply to electrical work commenced prior to July 1, 1963, but that a license was required with respect to electrical work commenced by petitioner thereafter. The Appellate Division, on petitioner's appeal, reversed the latter portion of the ruling. 90 *N. J. Super.* 82 (1966). We granted the Board's petition for certification. 46 *N. J.* 539 (1966).

The appeal was argued before us at the same time as *The Independent Electricians and Electrical Contractors' Association of the State of New Jersey, et als. v. New Jersey Board of Examiners of Electrical Contractors,* in which the plaintiffs attacked the entire statute as unconstitutional. Since such a holding would render the instant case moot, we have withheld decision until that case was decided. Initially, we ordered a remand in that appeal, 48 *N. J.* 413 (1967), and the statute has been upheld in an opinion filed this day. 54 *N. J.* 466. We must therefore determine the instant matter on the merits.

We agree with the Appellate Division, for the reasons it stated, that, as the statute then stood, personal performance of electrical work incident to the construction of houses for ultimate sale on lots owned by petitioner did not amount to engaging in the business of electrical contracting at least "for hire", as defined in the statute.

It may be noted, however, that by *L.* 1968, *c.* 17, effective April 17, 1968, *N. J. S. A.* 45:5A–9 was amended to delete the phrase "for hire". The only pertinent exemption from the present coverage of the statute is as to "work performed by a person on a dwelling that is occupied solely as a residence for himself or for a member or members of his immediate family", *N. J. S. A.* 45:5A–18 (n) (added by the 1968 amendment). Since the effect of the amendment

on operations like petitioner's has not been argued, we express no opinion thereon.

The judgment of the Appellate Division is affirmed.

*For affirmance*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For reversal*—NONE.